## In re BOYCE.

(Court of Appeals of District of Columbia. Submitted January 10, 1927. Decided February 7, 1927.)

No. 1894.

Patents ☞91(4)—Application for patent for device indicating temperature of motors on double dial held anticipated.

Application for patent for device indicating the thermal condition of internal combustion in motors on a double dial *held* anticipated by prior art.

Appeal from Decision of Commissioner of Patents.

Application for patent by Harrison H. Boyce. From a decision of the Commissioner of Patents, denying his application as to two claims, applicant appeals. Affirmed.

J. H. Milans and C. T. Milans, both of Washington, D. C., and E. Q. Moses, of New York City, for appellant.

T. A. Hostetler, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. Appellant appeals from a decision of the Commissioner of Patents, denying two claims for an invention relating to temperature indicating devices to be utilized in indicating the thermal condition of internal combustion in motors, aeroplanes, and the like. The claims in issue are as follows:

(3) "In an instrument of the character described, coacting fixed means and movable means for indicating exact temperature, coacting fixed means and movable means for indicating approximate temperature, and means responsive to temperature variations for simultaneously actuating said movable means."

(9) "In a temperature indicating instrument for indicating engine temperatures of a motor vehicle engine, the combination of an actuating element within the instrument, movable in response to temperature variations, a rotatable arbor actuated thereby, a dial plate bearing a scale of words designating temperature conditions, an index hand carried by said arbor and adapted to cooperate with said word scale, and means actuated by said arbor in co-operation with said dial for indicating exact temperatures in degrees."

The object of the invention in issue is to indicate to the driver of a vehicle the thermal condition of the engine. The function of the instrument is dual: (1) To indicate the exact temperature, so as to enable the operator to make proper adjustments of the machine; and (2) to enable the driver to observe approximately at a glance the temperature, this function serving as a danger signal to the operator. The thermometer or indicator thus contains two scales—an exact numerical scale, indicating the exact heat condition, and the danger signal scale, less exact, but easily read, and merely indicating the approximate condition of the temperature as "cold, cool, warm, hot," etc.

A number of claims have been allowed for the patent, and the question before us is whether or not the broad claims in issue are allowable in view of the prior art. It will be observed that claim 3 broadly covers any coacting means for indicating exact or approximate temperatures. This claim, we think, is as broadly covered in the claims allowed as should be awarded, in view of an existing patent to Wilbur of February 25, 1896, and a patent to St. John of August 9, 1887. It is true that these prior patents are crude compared with the invention in issue; but the idea of the double dial, indicating exact and approximate temperatures, we think, is sufficiently set forth to avoid the right of appellant to claim 3.

Coming to claim 9, which was held by the Patent Office to be anticipated by a former patent to appellant dated November 28, 1916, we find in the specification upon which that patent was based the following statement:

"My present invention provides means whereby this actual hot-water temperature is indicated at all times, and which will also be subjected to the action of any steam which may form in the system. Thus, with this invention, it is possible to secure an indication of actual water temperature without sacrificing the advantages of obtaining immediate knowledge of the condition of damages suggested by the formation of steam."

Further describing this former invention, appellant says:

"I am by these means enabled to obtain a relative indication of the temperature of the cooling water and also obtain a danger signal immediately upon the formation of steam in the system, which steam passes into the air space, thus causing a sudden increase in the temperature indication of the instrument."

While claim 9 restricts the device to registering engine temperatures of motor vehicles, it will be observed that this function was fully embraced in appellant's 1916 patent. The only difference between that construction and the construction set forth in claim 9 is that appellant is now applying the double indicating dial feature, which, as we have said, is anticipated by St. John and Wilbur.

The decision of the Commissioner of Patents is affirmed.